HAYES CONTRACTORS, INC., Appellee,

v.

AZCO, INC., Appellant.

No. 86–5072.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1986.

Decided Nov. 26, 1986.

---

Gerald L. Svoboda, St. Paul, Minn., for appellant.

David P. Pearson, St. Paul, Minn., for appellee.

Before ROSS, Circuit Judge, TIMBERS,* Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Azco, Inc. (Azco) appeals from a district court[1] order of January 28, 1986, compelling arbitration between Azco and Hayes Contractors, Inc. (Hayes).

Representatives of Hayes, a mechanical and electrical contractor, and Azco signed a purchase order dated November 2, 1984. Under this purchase order, Azco was to design, supply, and install fire protection systems and fire pumps for the Veterans Administration Replacement Medical Center in Minneapolis (the project). Work began on the project with a formal subcontract to be executed at a later date. A dispute arose between Hayes and Azco preventing the execution of the formal subcontract and causing Azco to terminate all its work on the project as of April 19, 1985. In April 1985 Hayes filed suit against Azco alleging breach of contract, promissory estoppel, and fraud in connection with the purchase order. In May 1985 Hayes was granted a motion to dismiss without prejudice and then filed a demand for arbitration. When Azco refused to arbitrate, Hayes again filed suit in district court. The district court granted the motion to compel arbitration.

The purchase order contained a severability provision ("the provisions of this contract are declared to be severable") and an arbitration provision ("any controversy or claim arising out of or relating to this contract, or the breach, default, validity or legality thereof, shall, at Buyer's option, be settled by Arbitration * * * ").

Azco contends that it cannot be compelled to arbitrate because Hayes and Azco have not entered into a contract that imposes the duty to arbitrate. The purchase order, contends Azco, was subject to a condition precedent of owner and engineer approval; such approval was never received, and the purchase order never became a binding contract. Azco denies beginning performance under the purchase order. Azco argues in the alternative that Hayes had the option to arbitrate or litigate controversies relating to the purchase order and when Hayes filed suit, it waived any right to arbitration.

Hayes argues that the purchase order stated it was to become binding upon seller's (Azco's) acknowledgment, which occurred when Azco signed the purchase order. It also contends that the purchase order contains an express agreement to arbitrate all disputes arising out of the purchase order, that the claims in dispute between Hayes and Azco arise out of the purchase order, and that Azco has refused to respond to Hayes' demand for arbitration, and is therefore in breach of the arbitration agreement. Hayes also contends that specifically, because of the severability clause, the arbitration provision should be enforced and arbitration should be compelled.

The district court, in a well-reasoned opinion, held that (1) the purchase order with its arbitration provision was a contract between Hayes and Azco; (2) the condition precedent was as to performance under the contract and not as to formation of the contract; (3) that the arbitration provision had been breached; and (4) that the right to arbitration had not been waived.

We agree. It would serve no purpose to repeat the analysis contained in the district

* The HONORABLE WILLIAM H. TIMBERS, Senior Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

1. The Honorable Paul A. Magnuson, United States District Judge, District of Minnesota.

court's opinion, which covers the issues raised by the parties. Accordingly the judgment will be affirmed pursuant to 8TH CIR.R. 14.

In a February 20, 1986 order, the district court awarded attorneys' fees to Azco for costs incurred in preparing to answer and defend the suit filed by Hayes in April 1985. This order was not appealed to this court and is not at issue here.

The district court's order of January 28, 1986 is affirmed.